NOT DESIGNATED FOR PUBLICATION

No. 120,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROY L. W. TIDWELL III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown County District Court; JOHN L. WEINGART, judge. Opinion filed July 5, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Roy Tidwell appeals the district court's decision to order Tidwell to serve his sentences for rape and trading child pornography consecutive to each other. Tidwell argues that the district court should have made the sentences concurrent with one another so that he might have a reasonable chance to be released from prison before old age.

But whether a defendant should be ordered to serve sentences consecutively (one after the other) or concurrently (at the same time) is a judgment call for the district court to make, subject to review only for abuse of discretion. We find no abuse of discretion in the district court's decision to order Tidwell to serve his sentences consecutive to each other.

Tidwell pleaded no contest to one count of rape and one count of aggravated internet trading in child pornography, both off-grid felonies. The victim in each case was the same 3-year-old girl; Tidwell was 26. Tidwell put his finger into the child's vagina and sent photos of the nude child to another man.

The district court sentenced Tidwell to life in prison with a minimum of 25 years before the possibility of parole for each count, which the court ordered Tidwell to serve consecutively. On appeal, Tidwell argues that the district court should have ordered him to serve his sentences concurrently so he could have a chance at rehabilitation and "'a chance to have some life.'"

Whether sentences should be concurrent or consecutive is a decision that falls within the district court's discretion. *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000). So we review the district court's decision in Tidwell's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

The district court isn't required to give reasons to support its decision to make sentences concurrent or consecutive. *State v. Urista*, 45 Kan. App. 2d 93, 96, 244 P.3d 287 (2010), *rev'd on other grounds*, 296 Kan. 576, 293 P.3d 738 (2013). In a case like this one, though, the decision is obviously an important one, and the district court here gave some explanation for its decision. It said that the sentences for the two crimes should be served consecutively because they were two separate crimes: "One is the rape, which is the digital penetration of the three-year-old child. And the other crime is the . . . transmission of the act . . . over a[n] internet forum . . ., just sending out . . . child pornography."

2

Even though the court provided that brief explanation, it was able to consider all the information presented to it in making this decision. In addition to the crimes against the three-year-old victim in this case, the State noted at sentencing Tidwell's admission to a law-enforcement agent that Tidwell had committed sexual crimes against another child in another Kansas community. Of course, even without consideration of those additional acts against another child, the crimes committed against the three-year-old victim in this case by themselves merit strong punishment.

When considering whether a district court decision is an abuse of discretion, we do not look to see whether any other decision would have been reasonable too. Our task is merely to ask whether a reasonable person could agree with the decision that the district court made. We conclude that a reasonable person could agree with the decision made here. Tidwell does not claim a factual or legal error—the other potential bases for a finding of abuse of discretion—so we find no abuse of discretion here. See *State v. McMullen*, 290 Kan. 1, 10, 221 P.3d 92 (2009) (holding that there was no abuse of discretion in imposing consecutive sentences for two counts of off-grid sexual offenses).

On Tidwell's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to run Tidwell's sentences consecutively.

We affirm the district court's judgment.